April 24, 1992

CLERK OF COURT
SUPREME COURT. CNMI
FILED

92 APR 24 P3:40

BY: _____

IN THE SUPREME COURT OF THE
COMMONWEALTH OF THE NORTHERN MARIANA ISLANDS

| | | |
|---|---|---|
| VICENTE S. CEPEDA, | ) | APPEAL NO. 90-057 |
| | ) | CIVIL ACTION NO. 88-682 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| ROBERT A. HEFNER, et al., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |
| | ) | |
| WILFRED S. REYES, | ) | APPEAL NO. 90-058 |
| | ) | CIVIL ACTION NO. 88-705 |
| Plaintiff/Appellant, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| WILLIAM H. MILLARD, et al., | ) | |
| | ) | |
| Defendants/Appellees. | ) | |

OPINION

Argued October 22, 1991

Counsel for Plaintiffs/Appellants: Theodore R. Mitchell
P. O. Box 2020
Saipan, MP 96950

Counsel for Defendants/Appellees: Carlsmith Ball Wichman
Murray Case Mukai and
Ichiki
P. O. Box 241 CHRB
Saipan, MP 96950

BEFORE: DELA CRUZ, Chief Justice, BORJA, Justice, and CRUZ, Special Judge.

BORJA, Justice:

These are separate appeals by Vicente S. Cepeda and Wilfred S. Reyes (hereafter Cepeda and Reyes, respectively) from a dismissal with prejudice of their respective complaints for failure to state a claim, pursuant to Rule 12(b)(6), Com.R.Civ.P. The cases were consolidated in the trial court and were consolidated at oral argument on appeal. The two cases will also be consolidated in this opinion.

We reverse the dismissals and remand the cases for trial.

## FACTS

### The Cepeda Case

Cepeda filed a quiet title action on September 22, 1988. He alleged that the transaction involving his property violated Article XII of the Commonwealth Constitution because it was planned and executed by Jack Layne (hereafter Layne) and Roger Gridley (hereafter Gridley), in June 1981, acting by and through Bernadita Cabrera (hereafter Cabrera) as their agent-trustee. Robert A. and Elizabeth S. Hefner (hereafter Hefners) and Celina A. Concepcion were the original defendants.

On September 29, 1988, Cabrera was added as a defendant. Defendants filed their answers, defenses, and counterclaims to the

123

first amended complaint on November 9, 1988.[1]

On January 20, 1989, through a Second Amended Complaint, plaintiff dropped Celina A. Concepcion as a defendant.[2]

Cabrera is a person of NMI descent. Layne, Gridley, and the Hefners are not persons of NMI descent.

Defendants filed a motion for judgment on the pleadings on June 15, 1990. Plaintiff filed his opposition on July 16, 1990. The court heard the motion on August 2, 1990, and dismissed the complaint with prejudice on November 7, 1990, for failure to state a claim upon which relief could be granted.[3]

### The Reyes Case

Reyes filed his complaint to quiet title against William H. Millard, Patricia H. Millard, Jerry W. Crowe, Mary A. Crowe, Marian Aldan-Pierce and Antonio S. Guerrero on October 6, 1988. A first amended complaint was filed on October 12, 1988, against the same defendants. Defendants jointly filed their answer, affirmative defenses and counterclaims to the first amended complaint on November 2, 1988.[4]

---

[1]Plaintiff has not filed a reply to the counterclaims.

[2]Defendants have not filed any responsive pleading to the second amended complaint.

[3]The court, _sua sponte_, decided that the motion for judgment on the pleadings was not proper. Instead, it determined that the correct proceeding was a Rule 12(b)(6) motion. None of the parties dispute this determination.

[4]Plaintiff has not filed a reply to the counterclaims.

Reyes alleged that he and Frances L. Teregeyo (hereafter Teregeyo)[5] conveyed their lot to Marian Aldan-Pierce (hereafter Aldan-Pierce) by warranty deed on January 12, 1983. Defendants Jerry W. and Mary A. Crowe (hereafter Crowes) paid the purchase price. On the same day, Aldan-Pierce leased the lot to the Crowes for 40 years.

Reyes, Teregeyo, and Aldan-Pierce are persons of NMI descent. The Crowes are not persons of NMI descent.

On April 24, 1986, the Crowes assigned their lease to William H. and Patricia H. Millard (hereafter Millards). The Millards are not persons of NMI descent. On April 25, Aldan-Pierce extended the lease to 55 years. On the same day, she sold the lot to Antonio S. Guerrero, a person of NMI descent.

Plaintiff alleges that the Aldan-Pierce deed is void ab initio because the Crowes paid the purchase price. He alleges also that the Guerrero deed is void ab initio because Guerrero is holding title for and on behalf of the Millards.

As with the Cepeda case, a motion for judgment on the pleadings was filed by the defendants on June 15, 1990. Plaintiff filed his opposition on July 16, 1990. After a hearing on the motion, the court dismissed the complaint with prejudice on November 7, 1990, for failure to state a claim upon which relief could be granted. See, n. 3, supra.

---

[5]Frances L. Teregeyo is not a party to this litigation.

## ISSUE PRESENTED

The sole issue is whether the complaints, either directly or by reasonable inferences therefrom, state claims upon which relief may be granted.

## STANDARD OF REVIEW

The dismissal of a complaint for failure to state a claim presents a question of law. As such, the standard of review is de novo. Govendo v. Marianas Public Land Corporation, No. 90-036 (N.M.I. Feb. 11, 1992); Govendo v. Micronesian Garment Manufacturing, Inc., No. 90-013 (N.M.I. Sept. 10, 1991).

## ANALYSIS

For purposes of a Rule 12(b)(6) motion to dismiss, it is stated in 5A C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1357 (1990) that:

> the complaint is construed in the light most favorable to plaintiff and its allegations are taken as true. The court's inquiry is directed to whether the allegations constitute a statement under Rule 8(a).[6]

---

[6]Rule 8(a)(2), FRCP, is identical to Rule 8(a)(2), Com.R.Civ.P. This section provides that,

> A pleading which sets forth a claim for relief, whether an original claim, counterclaim, cross-claim, or third-party claim, shall contain

> . . .

We therefore look to the complaint in each case to determine if the allegations constitute a statement under Rule 8(a), Com.R.Civ.P.

In the case of In re the Adoption of Magofna, No. 90-012, 1 N.Mar.I. 172 (Dec. 5, 1990), we stated that a

> complaint must contain either direct allegations on every material point necessary to sustain a recovery on any legal theory, even though it may not be the theory suggested or intended by the pleader, or contain allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial. 5 C. Wright & A. Miller, Federal Practice and Procedure: Civil 2d § 1216 (1990) (citations omitted).

Id. at 173. We, therefore, review appellants' complaints de novo to see if 1) direct allegations are stated on every material point necessary to sustain a recovery on any legal theory, or 2) allegations are stated from which an inference could fairly be drawn that evidence of these material points will be introduced at trial.

We further stated in In re the Adoption of Magofna, supra, that a trial court has no duty to strain to find inferences favorable to the non-moving party. However, we do construe the

---

> (2) a short and plain statement of the claim showing that the pleader is entitled to relief. . . .

See In re the Adoption of Magofna, No. 90-012, 1 N.Mar.I. 172 (Dec. 5, 1990) (interpretations of similar federal rules are helpful in interpreting our rules).

127

complaint in the light most favorable to the plaintiff. _Govendo v. Micronesian Garment Manufacturing, Inc._, _supra_; 5A C. Wright & A. Miller, _Federal Practice and Procedure_: _Civil_ 2d § 1357 (1990).

## The Cepeda Complaint

 The Second Amended Complaint is denominated as a complaint to quiet title to real property. In the first allegation, it is alleged that it is Cepeda who seeks to quiet title in his name to Lot Number 191-5, situated in Papago, Saipan.

Paragraphs 2-7 provide information on the parties. Paragraph 3 alleges that Cepeda is a person of Northern Marianas descent. Paragraph 4 alleges that the Hefners are not persons of NMI descent. Paragraphs 6 and 7 alleges that Concepcion and Cabrera are persons on NMI descent, respectively.

In Paragraph 9 it is alleged that Cepeda is the owner of the lot. Going in reverse chronology, the allegations then state that the Hefners leased the land from Conception on May 23, 1983. (Par. 10.) Concepcion obtained the lot from Realty Trust Corporation by warranty deed dated May 13, 1983. (Par. 12.) The Hefners are in possession of the lot. (Par. 14.) The Cabrera deed is void ab initio by operation of Article XII. (Par. 17.) Because such deed is void, the Hefners have no right, title, lien or other interest in the lot. (Par. 18.) Cepeda conveyed the lot by warranty deed on June 9, 1981, to Cabrera. (Par. 19.)

Paragraphs 11, 13, & 19 allege that the transaction involving the Hefners is violative of Article XII since the Hefners used

128

Concepcion as their agent-trustee to obtain an impermissible interest in the lot.

Paragraph 20 alleges that the transactions beginning with the Cabrera deed and ending with the Concepcion deed violate Article XII because they were planned and executed by Layne and/or Gridley, acting by and through their agent-trustee Cabrera, their secretary, or through the sham corporation Realty Trust Corporation.

Paragraph 21 states that Layne and Gridley are not of NMI descent. Paragraph 22 alleges that Hefner knew or should have known all the facts alleged in the complaint.

Under the test stated in In re the Adoption of Magofna, supra, the Cepeda complaint does not have direct allegations showing that Cepeda is entitled to relief. There is no allegation in the second amended complaint on how the transaction between the grantor, Cepeda, and the grantee, Cabrera, violates Article XII. The allegation that such a transaction is violative of Article XII is conclusory. There is no allegation that the purchase price for the lot was provided by Layne and/or Gridley. Neither is there an allegation that the purchase price was not given as a gift, loan, or payment of a debt to Cabrera. See Ferreira v. Borja, No. 90-047 (N.M.I. Feb. 18, 1992); Aldan-Pierce v. Mafnas, No. 89-003 (N.M.I. July 5, 1991).

However, in view of our ruling in the Aldan-Pierce case, the complaint does contain sufficient allegations from which an inference may be drawn that evidence will be introduced at trial to

129

show that an impermissible interest was obtained by a non-NMI descent. This satisfies the second test enunciated in _In re the Adoption of Magofna_.

Our finding is supported by the decision of the trial court:

> From the plaintiffs' allegations, it can reasonably be inferred that NMI descent persons (Cabrera and Aldan-Pierce) entered into side agreements with non-NMI descent persons (Layne, Gridley and the Crowes) in which the NMI descent persons acted as _de facto_ agent-trustees on behalf of the non-NMI descent persons in the sale and acquisition of the plaintiffs' property.

(Footnote omitted.) _Cepeda v. Hefner_, C.A. No. 88-682, and _Reyes v. Millard_, C.A. No. 88-705, "Decision and Order," at 11 (Super. Ct. Nov. 7, 1990). Even appellees admit that the complaint "alleges that Cabrera had a separate, unwritten 'agent-trustee' agreement with Layne and Gridley to hold fee simple title for them." Appellees' Brief at 3.[7] As such, the "complaint contain[s] allegations from which an inference fairly may be drawn that evidence on these material points will be introduced at trial."[8]

---

[7] We refer to the Brief of Appellees only for the purpose of stressing that the parties apparently view a central issue of this litigation to be the existence of an alleged agent-trustee arrangement. We do not infer that the statements or information contained in a brief on appeal are a substitute for the allegations contained in the complaint itself.

[8] The trial court was correct in dismissing the Cabrera complaint at the time it issued its decision. At the time of its decision, what were "material points" in an Article XII case had not yet been developed. However, in view of our opinion in _Aldan-Pierce_, the complaint does satisfy the second test enunciated in _In re the Adoption of Magofna_. See _Sablan v. Iginoef_, No. 89-008,

130

In light of <u>Aldan-Pierce</u>, the dismissal of the Cepeda complaint for failure to state a claim was erroneous.

## The Reyes Complaint

█The first amended complaint directly states allegations that support a cause of action.

The first paragraph states that Reyes seeks a declaratory judgment that the warranty deed from Reyes to Aldan-Pierce is void and that Reyes and Teregeyo are the sole owners of the lot.

Paragraphs 2-7 provide information on the parties. Paragraph 3 alleges that the plaintiff is a person of NMI descent. Paragraph 4 alleges that the Millards are not persons of NMI descent. Paragraphs 6 and 7 allege that Aldan-Pierce and Guerrero are persons of NMI descent.

In paragraph 9 it is alleged that Reyes and Teregeyo are the joint owners of the property.

Paragraph 10 alleges that the Crowes paid Reyes and Teregeyo the purchase price of $13,500 for the lot on January 12, 1983, and took title in the name of Aldan-Pierce.

Paragraph 11 alleges that the Aldan-Pierce deed is void ab initio by operation of Article XII. Because the deed is void, the Crowes have no right, title, lien, or other interest in the lot.

---

 slip op. at 14, 1 N.Mar.I. 96, 102 (N.M.I. June 7, 1990) ("The general rule is that an appellate court determines questions according to the law prevailing at the time of the appellate decision.").

131

(Par. 12.) Guerrero holds legal fee simple title for and on behalf of the Millards, as their agent-trustee. (Par. 17.) Aldan-Pierce and the Crowes were advised and represented with regard to the Crowe purchase by Randall T. Fennell. (Par. 19.) Randall T. Fennell intentionally structured the Crowe transaction to circumvent Article XII. (Par. 20.) Randall T. Fennell, the Crowes, and Aldan-Pierce knew or should have known that the transaction violated Article XII. (Par. 21.) The Millards were advised and represented during all the transactions by Charles K. Novo-Gradac. (Par. 22.) Charles K. Novo-Gradac, the Millards, and Guerrero knew or should have known that the Aldan-Pierce deed was void ab initio. (Par. 27.)

The Reyes complaint contains "direct allegations on every material point necessary to sustain a recovery on any legal theory."[9]

Again, in light of Aldan-Pierce, the dismissal of the Reyes complaint for failure to state a claim was erroneous.

## CONCLUSION

In both cases, the trial court should allow the plaintiffs the opportunity to prove their allegations and to argue reasonable inferences from proven allegations.

---

[9]Again, we note that the trial court was correct in its dismissal at the time of its decision. However, in view of Aldan-Pierce, the complaint does state direct allegations to support a cause of action. See Sablan v. Iginoef, supra.

The trial court's decision and order is **REVERSED** and the cases are **REMANDED** for trial in line with our decisions in the <u>Aldan-Pierce</u> and <u>Ferreira</u> cases.

Jose S. Dela Cruz
Chief Justice

Jesus C. Borja
Justice

Benjamin F. J. Cruz
Special Judge